We'll hear argument this morning, Case 16-460, Artis v. District of Columbia. Mr. Yunikowski. Mr. Chief Justice, and may it please the Court, Title 28, Section 1367d specifies that the period of limitations on a supplemental jurisdiction claim shall be told while the claim is pending in Federal court and for a period of 30 days after it is dismissed. The question before the Court this morning is, what does it mean for a period of limitations to be told? The Court should hold that told means suspended, an interpretation that accords with the plain meaning of the word told. That is the definition given in Black's Law Dictionary, and that is the way told is used in every other statute that uses the word told, none of which would make any sense under Respondent's interpretation. Kennedy If that's the way the statute operates, it seems to me that the provision at the end, which says the State can provide for a longer tolling period, is generally unnecessary if the, if the, under your position, it would seem to be quite unnecessary for the State to have a longer tolling period. Now, it could be, of course, that they're concerned about there being only a week left or something, but in most cases, under your view, I just don't see the necessity for the last clause. Mr. Yunikowski. Your Honor, it's true that typically the State savings clause won't necessarily be triggered, but there are certainly many sets of facts in which it would be triggered. First of all, a State could enact a tolling period that's even longer than the Federal tolling period. Louisiana, for instance, actually restarts the clock. Kennedy But they couldn't enact a shorter one. Mr. Yunikowski. They could not. That's correct. I think this is a Federal clause. Kennedy In other words, your position gives the State zero flexibility. The Respondents give the State maximum flexibility. The States can have it any way they want. But you don't give any protection to the States that don't want to have long-delayed suits. Mr. Yunikowski. Yeah. That is – it is certainly the case that this statute provides a Federal floor, and we're debating about the length of the Federal floor. And we believe that the Federal floor is longer than Respondents do, and the effect of that is that it's true that under our position, the State tolling – the savings clause will be triggered less frequently under our view. But that's simply the necessary implication of the plain text of the statute in our view. The statute – Ginsburg 1367d refers to the 30-day period as a tolling period, too, but that period is recognized as a grace period, the 30-day add-on. The Federal statute types that as a tolling period, but it isn't, is it? Your Honor, the way we interpret the statute is that the clock stops while the claim is pending in Federal court and for 30 days after it's dismissed. So we understand the phrase tolling period to refer to the period during which the clock stops. So we view that 30 days as part of the tolling period. But does toll and – do toll and tolling mean the same thing? I think that in the context of this particular statute, toll means suspended. So I think that it's true that in general, when, you know, there are – for instance, the Chardon case says that in general the word toll can carry different types of meanings. But I think that we have to look at the words of this particular statute as to how  Alitoson Yeah. Well, let's look at the words of this particular statute. Unless State law provides for a longer tolling period. So does that refer only to those State statutes that suspend the period, or does it also include those State statutes that simply stop the clock? So, Your Honor, I think that's a debatable proposition. The position we took in our reply brief is that if a State grace period statute would produce the arithmetic equivalent of a longer tolling period than the Federal statute, then that does qualify as a longer tolling period. Well, I don't know if it's a debatable position. I think you have to take a position on it, because you're making a textual argument. And it's hard to make a textual argument that toll means something different from tolling. Most of the State statutes stop the clock. They don't suspend the period. So unless tolling includes the stop the clock statutes, the Federal statute doesn't do very much. And as Justice Kennedy's question pointed out, if it only includes the ones that suspend the tolling period, it does virtually nothing. So let me answer that question. So the way I understand the phrase longer tolling period is that it would encompass a State statute that is the arithmetic equivalent of a longer tolling period. So the example in our reply brief we give is as follows. Suppose you file a Texas suit with 5 days left in the limitations period, and Texas gives you a 60-day grace period. So the application of the 60-day grace period in that case is the arithmetic equivalent of a tolling period of dependency of the Federal suit plus 55 days, because the 5 more days will get you to 60. So the way I interpret those words is that that is a longer tolling period. Now, that's debatable. You may disagree with me on that, but our case certainly doesn't depend on that. First of all, if you disagree with everything I just said, I still think that the State grace period statutes might still apply according to their own terms. It's not obvious that this Federal statute would preempt the State from applying its own grace period statute if it's longer. So in my view, I think the State might be able to apply the grace period one way or the other. And even if you disagree with that, it wouldn't affect our primary position, which is that the word toll means suspended. It may be that the necessary concomitant, if you disagree with both of the things I just said, is that the State tolling statutes would rarely apply under the Savings Clause. And if that's what the statute means, so be it. And I think that there's very powerful textual clues in this statute that My problem is that I look at statutory history, not legislative history, statutory history. And the statutory history is that the ALI report set forth a very clear grace period or grace period, and Congress didn't adopt that language. It adopted this language. And so if it changed it, and it changed it so dramatically, aren't I — shouldn't I be looking at the plainer text as it reads rather than something that would have given you what you wanted in a different way? Yes, Justice Sotomayor, that is our exact position in this case. I think this ALI report, had Congress enacted it, would have done the trick for a grace period. Exactly. And in this case, Congress didn't use those words. And I think that that underscores that it would have been so easy for Congress to enact a grace period. This is not the kind of concept that's difficult to express in words. Congress could have enacted that ALI report. It could have enacted all those State statutes that are cited by Respondent, none of which use the word toll. Or it could have just said, you get 30 days after the claim is dismissed, and then we wouldn't be here today. But instead, Congress chooses this very particular wording in which it says that the period of limitations is told while the claim is pending in Federal court and for a period of 30 days after it's dismissed. And when you try to figure out what that means, you look at the way every other Federal statute uses the same phrasing, and it's very clear from those statutes that they have to mean that the clock stops. And so if Congress really wanted to enact a grace period, it is impossible to imagine a more oblique way, a misleading way of doing that than the words of this statute. What do you do with the Jenks case where everybody seemed to assume that what 1360.17 provided was a short 30-day extra time? Your Honor, I'm not sure there's really a basis for saying that the members of the Court made that assumption. There are some statements in the petition for certiorari in that case and one of the merits briefs that seem to imply that interpretation. There's certainly nothing in the opinion of the Court suggesting that the constitutionality of the statute depending on adopting this rather strained construction. And in fact, there's actually language in the opinion pointing in the opposite direction. The Court in that opinion was discussing this old Civil War-era statute which stopped the clock, and in the Court's opinion, the Court talked about that statute as tolling limitations periods. So again, that's a pretty weak inference, too, but I just don't see anything in this opinion supporting the view that the Court's decision was dependent on the fact that the statute could only carry the grace period interpretation. I think that I've been talking about these the Jenks case and the statutory history. I'd like to focus a little bit on the text, because I actually think that the text is extremely clear that tolling means suspending. So if I could just make two points about the text. The first is that the statute says that the period of limitations shall be tolled, not the statute of limitations, not the limitations bar, the period of limitations. So Respondent's interpretation is that the word tolled means removed. So that would produce the phrasing, period of limitations is removed, and that's just improper English. So just to give an example, suppose Congress were enacting a statute in which it said that the bar associated with filing suit in a particular place was lifted, so, you know, the Court of Federal Claims or something. The statute would never say that the Court of Federal Claims is removed. It would say that the bar associated with filing suit in the Court of Federal Claims is removed. And likewise here, the statute does not say that the bar is removed. It says that the period of limitations is tolled, and therefore, we think that is only consistent with an interpretation that means suspended. So even in the abstract, the word tolled can carry different meanings. We don't think that's consistent with tolling the period of limitations. And I think that the other textual point I'd like to make is that the period of limitations is tolled for two distinct periods, while the claim is pending in Federal court and for a period of 30 days after it's dismissed. And we don't think that that interpretation is in any way consistent with construing tolled to mean removed, because you don't need the tolling while the claim is pending in Federal court if tolled, in fact, means removed. You only need the 30 days. And, in fact, the concept of removing a statute of limitations while a claim is pending in Federal court is incoherent. The statute of limitations is completely irrelevant when you have a presumably timely claim that's already been filed. And so, therefore, we think that the correct interpretation is to say that the clock stops, which is perfectly consistent with the fact that the statute defines the tolling period as both the pendency of the Federal claim and 30 days thereafter. And just one other comment about the fact that the period of limitations is tolled while the claim is pending in Federal court. So if the statute just said that, if the statute just said the period of limitations is pending, is tolled while the claim is pending in Federal court, period, full stop, then I think there would be no debate as to what it means. I think we'd all agree that it means that the clock is suspended. So Respondent's position is essentially that by increasing the length of the tolling period, by adding 30 days, that radically changes what tolling means. It changes the meaning of tolling from stops the clock to continues the clock. And that's just not the way the Court reads statutes. Tolled means what it means. If the tolling length of the period of tolling is shorter, then you have a shorter period, and if it's longer, then you have a longer period of tolling. But increasing the tolling period doesn't alter what it means to toll a period of limitations. If there are no further questions, I would reserve my time. Oh, sorry, Your Honor. Alito, do you admit that there are definitions of the term tolled that are consistent with Respondent's argument? If we look in dictionaries, are there not definitions that are consistent with their argument? So I don't actually think that there is. So Respondent cites some dictionaries that talk about the word tolled meaning remove. But I don't think that really advances the ball very much, because it seems to me that on both sides, in some sense, the statute of limitations or the limitations bar is being removed. The question is what's the precise mechanism behind which the limitations bar is removed. And so Respondent's position is that the clock keeps running while the period of limitations is tolled, and I've been unable to find any dictionary or any case that understands the word tolling that way. And so, therefore, I understand that in the abstract, toll, especially in the context of, for instance, rights of entry, which is a definition offered by Respondent, might mean remove. But in the context of statutes of limitations, the concept of the clock continuing to run while the period of limitations is tolled seems to me completely alien to the law. I haven't seen any statute or any case understanding the word tolling. Alitoson Do you think there are any constitutional limitations on Congress's authority to extend State statutes of limitations? Yeah, I think that there probably are. So just to take the extreme example, if Congress said that the statute of limitations for a supplemental jurisdiction claim is completely eliminated, so after the claim is dismissed from Federal court, you can just bring it forever into infinity, that probably would be unconstitutional or at least raise serious questions under the necessary and proper clause. But why is your interpretation more appropriate under the necessary and proper clause than Respondent's? Well, I think that the way to analyze the question is to say this. So I think Jinks gets you a lot of the way there in terms of upholding the constitutionality of the statute. It's true that Jinks didn't resolve what the statute means, but Jinks does hold that some kind of tolling rule is okay. And so I think the question is, is this tolling, can Congress elect to use a suspension approach rather than a grace period approach? I think the answer is yes, because all members of the Court have agreed that Congress gets some degree of latitude on how to implement its enumerated powers. There's some debate among the members of the Court in the Comstock case about how much latitude, but everyone agrees that there's some latitude. So I think we have a very modest position here under the necessary and proper clause. We're saying that inasmuch as that latitude exists, it extends to using the suspension approach, which is the common law approach, according to this Court. It's the approach that this Court has said is usually used, and it's also an approach that's ubiquitous across the United States Code. But what's notable about your argument so far this morning is that you haven't said one word about why your approach is more appropriate as a policy matter than the other. And, of course, it's not our job to adopt policy, but in determining, you know, keeping an eye on the Constitution and interpreting this provision, why is your approach more necessary, or why is it more justified under the necessary and proper clause than the Respondent's? What is the necessity, in any sense of the word, for your approach? Your Honor, I agree that it's not absolutely necessary in the same way that even a grace period is necessary. Why is it more fitting? I think it's more — I think it makes perfect sense that Congress would have wanted to stop the clock. I think there's very solid policy justifications for using this ubiquitous approach. First of all, I think that what Congress is trying to do is ensure that litigants are no worse off from a litigation — from a limitations perspective on the day the claim is dismissed relative to the day the claim was filed. So what Congress felt was that if a litigant is diligent and files suit one month into a three-year limitations period or something like that, and then the Federal Court sits on the case for years and years and years before declining to exercise jurisdiction over the State law claim, then the litigant shouldn't be forced to scramble to refile within 30 days. To protect that Federal litigant, the litigant should get all the benefit of the time that was left on the clock when the claim was originally filed. And I think that's especially compelling when one understands statute of limitations as kind of measuring a period of dormancy that extinguishes a claim. In other words, if you sleep on your rights for X amount of time, then you lose your rights. Alitoson But the claim has already been filed in Federal court. Why does the plaintiff need all that additional time to refile in State court or, in this instance, in the district? Fisher Well, first of all, I think 30 days is a pretty limited amount of time. And there's a lot of things you might have to do to refile. It's not necessarily just that. Ginsburg It's not just refiling. It's a different claim. The State law claim would be a different claim than the one that was brought in Federal court. Fisher Well, you do have to refile the submental jurisdiction claim over which the client exercised jurisdiction. But it's not as simple as just refiling a new complaint. There's a lot of things that you have to do. First of all, you might have to rewrite your complaint based on things that came out in discovery. Or maybe the State has different pleading rules, and you might have to plead the claims differently. You might have to figure out which court to file in. There might be a question of which court within a particular State, you know, Superior Court versus Chancery Court, or which State to file in. You might have to figure out whether your client is willing to pay and fund a new round of litigation. Also, the client might have to find a new lawyer. There's plenty of Federal practitioners who don't know their way around State court. And so 30 days really isn't that much time to do that. And I think Congress may well have said, look, if you wait until the last day of the limitations period in order to file your Federal suit, then fine, you get 30 days. You were dilatory in the first place, so you would get this bare minimum. But if you were diligent, if you filed your Federal suit very quickly into the State limitations period, and the Federal court just sat on your claim for years, then you shouldn't get 30 days. You should have the full benefit of all the time you had left, because you were diligent at the front end, you get extra time on the back end. Roberts. Well, I don't know that that makes much sense. The purpose of the statutes of limitations are to protect the defendants to a large extent, not just the plaintiffs. Well, that's true. But I think, first of all, I think that the defendants do have a measure of protection in that the defendants have already seen these claims. So it's not like there's these very surprising claims. Yeah, but you just said that, well, you need 30 days because the claims might be different, all sorts of other things. You've learned new information. I'm just not sure that that makes much sense. Well, I think that statutes of limitations reflect a balance. And as this Court has said many times, it's true that one purpose is to protect defendants, and there's another purpose to give plaintiffs a sufficiently long time to sue. And in preparing for this case they're going to have to wait a long time to sue. Sotomayor, there's a third protecting the State. So how do you, from having to look at stale and old claims, because it's a burden on the State as well. Certainly, I agree with that, Your Honor. I think that statutes of limitations reflect a balance. And in preparing for this case, I've had the pleasure of going through the U.S. Code and seeing lots and lots of different statutes of limitations, and they're all different. Congress draws the balance differently in every case. Some are long, some are short. Some have longer tolling periods, some are shorter tolling periods. I think it's very hard to do. Have you found any statutes similar to this one? Yes. So there's lots of statutes that stop the clock. Statutes that stop the clock and give you a little extra time are a little bit less common. We found something like one and a half such statutes. So one statute we cite in our opening brief, 46 U.S.C. 53-911. It does stop the clock during the pendency of an administrative claim, and then you get 60 days thereafter. And there's one other statute that stops the clock during the pendency of another claim, and then you sometimes get 30 days, depending on whether certain conditions are met. So it's certainly the case that this particular scheme isn't particularly common. However, there's lots and lots of statutes that talk about tolling periods of limitation, and I don't think there's much debate that in context, those statutes have to stop the clock. Because if a statute just says that while your administrative claim is pending, the period of limitations is tolled, the only way that makes sense is if the clock stops. And so that is a very common scenario. And in fact, not only in the context of statutes, this Court has characterized the suspension approach as the common law approach. It's the approach used in the American pipe context, in equitable tolling context. This Court has said that that's what's usually used. So this is not an unusual way of running a railroad, and to some extent, I think Congress just kind of took a tolling approach off the shelf and incorporated into this statute, because that's what it does all the time. I think that's a pretty common way of enacting legislation, and I don't think that that encounters any constitutional problem. If there are no further questions, I'd reserve my time. Thank you. Roberts, Thank you, counsel. Ms. Zellekeim. Zellekeim, Mr. Chief Justice, and may it please the Court. Because a supplemental claim dismissed from Federal court under 1367C is treated for statutes of limitations purposes as if it had never been filed, there needed to be a mechanism to ensure that those disappointed Federal litigants could return to State court and file their claims. 1367D does just that by providing a brief window of tolling such that the claim will not expire by ordinary operation of State law while the claim is pending in the Federal court and for 30 days thereafter. Ginsburg, do you have any other Federal statute that uses the words shall be tolled to mean what you suggest, it shall continue to run? Is there any other such Federal statute? So, admittedly, there is no other statute in the U.S. Code that works in this way, but Petitioner cannot point to one either, because there are two features of this statute that set it apart from the normal shall-be-told statutes throughout the U.S. Code. And that is, first, the provision of the 30-day window, and, second, I think more importantly, the express and self-conscious deference to State law's ability to set longer tolling periods. And so I think what Congress was doing was enacting this statute against the backdrop of the myriad State savings statutes that operate in precisely this fashion. Well, Ms. Alencon, suppose you just had a statute and the for a period of 30 days was excised from it, so it shall be tolled while the claim is pending. Unless State law provides for a longer tolling period, would anybody read that statute to mean anything other than the clock has stopped and resumes again once the thing is dismissed? That would certainly be a tougher case for us. I think still with the ordinary meaning of toll, one might think that there could be a circumstance in which you might get only a little bit of time to file at the end of when the Federal court dismisses the claim, but that, you know, if Congress thought that States, as States were, were taking care of this problem, it wouldn't necessarily have to use toll just in the stop clock fashion. I think as this Court has said throughout the cases, whether it's Hardin or Chardon, toll has an ordinary meaning, which is to do something to the statute of limitations. It's not an ordinary meaning, but honestly, until I read your brief, I just sort of thought that the ordinary meaning was suspend, stop the clock. And then later, on some trigger point, the clock starts running again. And, you know, I had to go to the dictionaries to look up what you were saying it meant, whereas, you know, if I'm just any old lawyer, toll means one thing when it's referring to a statute of limitations. I mean, it means something else when you're driving on the highway. But when it's referring to a statute of limitations, it means you stop the clock. And I don't think that is consistent with the ordinary meaning as this Court has read in Hardin and Chardon. To be sure, stop clock tolling or, sorry, tolling can mean to stop the clock, but as this Court explained in Chardon, it's not the only meaning. And I think we can look at these points. Breyer. I mean, Justice Kagan had the same reaction. I said tolling means you suspend it. Stop. Now, I asked my law clerk, and he went to the library, and I said find anything, State or Federal, where the word tolling is used to mean something else. They did come up with one. There is a Virginia statute. But in the Virginia statute, it means what you say. And in that Virginia statute, however, the earlier clause speaks specifically about suspending. And they suspend it under certain circumstances, and then they say tolling. Now, aside from that, I couldn't find anything. And there are dozens of uses of the word tolling all over the place. So I can't say yours is the ordinary meaning, and therefore I had the same questions exactly, and I also had the question that take the words out, and for a period of 30 days. But it has to mean what they say it means, doesn't it? Now, a few responses, Justice Breyer. I concede that that would be a closer case where they're not for the 30-day period, which is why I think the 30-day period. Breyer. Not a closer case, but a case where there's no argument the other way. But let me point you to a few examples where toll is used in the ordinary meaning as not stop clock. As this Court said toll booth, that's true, you got that one. Certainly there are those. All right, what else? But if I were to say that a timely petition for rehearing in a circuit court tolls the time for filing a petition for certiorari in this court, I'm not referring to stop clock tolling. I don't have to count out the time between when the court needs to do it. Say that again, a little slower. A timely petition for rehearing tolls the time for seeking certiorari in this court. It tolls the time, a timely petition for rehearing. And that is how this Court. And you mean, so if there's 60 days, we have to follow them. Let me just follow it. Within 60 days, I'm sorry to be slow on this. Sure. So you have 90 days to file. You have 60, 90 days normally. You file a petition for rehearing, and that rehearing petition takes 4 weeks or 4 days. And so now you only have 86 days. You have the full 90. That's what the Court said in Jenkins. Yes, that's my point. Yes, so it suspends it. And so, but you are not taking the time between when the court of appeals issues its decision and when the rehearing petition is filed and saying that time has ticked down, now you hit pause. You're saying you get the full 90-day period once the rehearing petition is denied. Right. Isn't that what they want here? That is a use of tolling that's not stop clock. Now, in their view, you don't get the full statute of limitations. Have you got any example where it isn't used — I mean, sorry. Have you got any example where the period, the limitations period, however it's phrased, faced with the word tolling, runs during the period while the statute says it's tolled? Is there an example of that? I'm saying I did find one. I found one in this Virginia statute, which seems rather special. Did you find any others? Anywhere, even in, I don't know, I won't give examples, but the world. So, I mean, I can give you more examples. I will say this. By virtue of normal statute of limitations principles, this is because when the Federal suit is dismissed, it's as if it had never been filed. It's as if it had never existed. So in that context, yes, the State statute of limitations was ticking along the entire time. That's precisely the problem. Where is this case? Well, so these are the cases that this Court was considering pre-19 — sorry, pre-1367d. This Court talked about it, for example, in the Coehill case. And then they said that that's — or this Court said that is a reason for remanding a case once it's been removed rather than dismissing it, because otherwise the statute of limitations may have run. Ms. Alikhan, I want you to assume something with me, but then I want to give you an opportunity to do something, all right? So I want you to assume with me that if the words, and for a period of 30 days, were not in the statute, that we wouldn't be here, that we would read this as a normal stop-clock tolling period, and that the question that arises from the statute, and the reason we are all here, comes from the addition of these words, and for a period of 30 days. And I just want you to tell me why you think the addition of those words should make us read the statute differently. Alikhan. Sure. So assuming that stop-clock tolling only means stop-clock, or that is the ordinary meaning, then we look at the next two provisions of the statute, first the 30-day provision. I'm aware of none, and Petitioner has pointed to no other statute that both stops the clock and then adds a fixed period of time to return to State court. Kagan. The 53911d statute, which does exactly that, used the word suspended, except other than told. Exactly. And that statute. But it basically does exactly that. It stops the clock and then adds some time. And this is an important point. When Congress means to stop the clock, they say so. They use language like suspend. No, I don't think that's right, because they say told all the time to say stop the clock. Also, and I'm saying is that the concept of this is used, I mean, it's not used commonly, but it has been used in at least one other statute. Well, and I submit that statute is kind of stop-clock plus. Because it said suspended, I think, is different from that. But even if you think that that statute functions in precisely the same way, then we have to look to the unless State law provides for a longer tolling period. Congress was well aware that States had these tolling periods, and in fact, this Court has long recognized them. And so when Congress was expressly deferring to States' ability to set these periods, it seems very strange, then, that they would have put forth a statute that, as a rule, displaces the State law statutes of limitations and displaces those State law tolling rules in the mind-run of cases. Roberts' What do you do with the argument your friend began with, the period of limitations point? I understand your argument would be a lot stronger if it said the statute of limitations  But here it says the period of limitation is told. And to me, that means you're looking at the period and it's suspended, as opposed to just the provision specifying a period is told. So I have two responses, Mr. Chief Justice. The first is that in Hemeshoff, this Court used interchangeably period of limitations and statute of limitations. So we don't think there's anything significant about the use of period rather than statute here. But I think also it speaks to a period of limitations, which is what serves as the bar. And I think this is completely consistent with these background principles that once the claim, the Federal claim is dismissed, it's as if the statute had been running the whole time. That is the Roberts' Well, but it's not the period doesn't set the bar. It's the provision that provides it that does. And so, as I acknowledged, your argument would be stronger if it referred to what it was that set the bar, the statutory provision. But here it refers to the period itself. But I believe the period of limitations sets the bar in much the same way as the statute sets the bar. Once the period has expired, in this case the three years that starts from when the claim accrues, then the litigant is out of time. Now, because the Federal dismissal made it such that the claim had never been brought for statute of limitations purposes, when one looks at the date of Federal dismissal and counts back three years, they see the claim had accrued far before that. And so as a matter of law at that point, the claim is out of time and the litigant cannot return to State court. Ginsburg's question is, what do you do with this Court's apparent understanding of what 1367d means in the Ragour case? And specifically, the Court said 1367d tolls the State statute of limitations 30 days in addition to however long the claim has been pending in Federal court. That was this Court's statement. It wasn't what the opinion turned on, but it's a statement of what does 1367d mean. It means 30 days plus however long the claim had been pending in Federal court. And, Justice Ginsburg, I see that just as a restatement of the language of the statute, which is that the tolling is both while the claim is pending and for 30 days thereafter. This statute is unique in that it's an instruction manual to State courts on what to do with these claims once the Federal court is finished with them, and this language makes clear that regardless of when that limitations bar may have fallen, whether it's 1 day after the Federal suit or whether it's 1 day before the Federal dismissal, it shall not serve as a bar to bringing that claim in State court. Kagan. It's a very easy way to write a statute like the one that you think this one is. I mean, Congress has done it, all the States have done it. I'll just read you one of Congress's. In the event that any action is timely brought and is thereafter dismissed, the action may be recommenced within 1 year. I mean, that's a very simple way of writing a grace period statute. 30 States have done the exact same thing. Nobody writes a grace period statute like this. So let me give you two responses to that. The first is, in the example that you are giving, it's talking about a Federal claim that's going to be rebrought in Federal court. Here, this is an instruction manual to State courts. They are saying, State court, regardless of how you feel about your statutes of limitations, as to encourage Federal claims to be litigated in Federal court, we are not going to let you impose that time bar just because the litigant came to Federal court first. And I think, secondly, when Congress means to stop the clock. Kagan, I'm not sure I understand that answer. I mean, here, I'm not going to speak in the language of a statute, but essentially Congress would just be saying when the pendent claim is dismissed, the person has 30 days to refile in State court. That's a pretty easy way to state that thing. That is certainly an easier way to state it. But, of course, had Congress wanted to have a stop clock statute, they could have done what they do throughout the U.S. Code. For example, in AEDPA, where they talk about how time shall not be counted towards any period of limitation. No, but they wanted a stop clock plus 30 days. And that makes some sense. I mean, it's not the only thing that makes sense. But Congress might have thought, we want a stop clock statute for all the reasons that we often have stop clock statutes. And then we want to give people 30 days just to make sure that the person who's filing on the last day has a little bit of time. Now, you know, is that the only thing Congress could have done? No. But, you know, it makes perfect sense. I think it would make sense if we didn't have this express deference to State law. It's well understood that a State has the sovereign choice of when to say claims should not be litigated in their court. And so if we are going to intrude upon that historic power of the States, I think we have to read it consistent with the Federal purpose. How does it help States? Let's say we didn't have this 1360-70. So you've got arising from the same episode, a Federal claim and State claim. So you want to go forward with the Federal claim. You file simultaneously in Federal and State court. You ask the State court to hold its case in abeyance while the Federal case is going forward. So all you get is you get an extra lawsuit that may be unnecessary to file if you prevail on the Federal claim. You get a case that's just sitting there and no action is being taken. I don't see how that's really respectful of the State's interest. I mean, no, it's not. That was one of the unsatisfactory options that this Court looked at in Jenks and knew that Congress was trying to remedy that problem by saying, you do not have to bring these parallel suits. You do not have to take a chance that you might lose your claims to statute of limitations by virtue of filing them in Federal court. Instead, your State law claims will not become time barred while they are pending in Federal court and for 30 days thereafter. It was to hold the litigant harmless for having taken advantage of the Federal forum. And so in doing so, yes, that is a slight intrusion on State law in that it is saying State courts, you may not say that a State statute of limitations bars this claim by virtue of the time it was in Federal court or for 30 days thereafter. But I think it's quite a different category entirely to say that in every case, as a rule, the time for filing in State court will be subject to a Federal pause button and then an additional 30 days where it's not necessary. Breyer. It is. Look, aren't there many statutes or I don't know how many, but isn't it somewhat normal the Federal government does say the thing is told, the State law is told while it's pending? Are there no other statutes like that where it just says the State law is told while your Federal suit is pending? There are a handful of statutes and those have a very particular Federal purpose. There are some. Are you saying those are unconstitutional? Those are times of insurrection or when it's to effectuate an area of Federal concern like the Bankruptcy Act. Yes. This is saying in every case, in every case in which there is a supplemental jurisdiction. So, in other words, the Federal government, in your view, has the constitutional power to, area by area, to say we will toll the statute of limitations, i.e. suspended. But it doesn't have the power to say it across the board. Is that your view? I'm saying, consistent with principles of Federalism, that Congress may, where it is of insurrection. I've never seen that constitutional question. I'm sure it's been explored somewhere. I would have thought, I don't know, I haven't looked into it. But is your view that it is unconstitutional to say across the board that State statutes are told while this is pending? I mean, in other words, you eliminate those words about the 30 days. I think that it raises grave concerns. Well, grave concerns, what does that mean? Do you think it is constitutional? Or do you think it's not constitutional? What is your view? I think that were Congress to abolish State statutes of limitations any time there is a Federal supplemental claim. No, no, not abolish them. My question is, do you think it is constitutional? You heard my question. What's the answer, in your opinion? And the next question I'm going to ask you is what source, legally? I mean, I'm not saying you haven't been, I think it's a plausible claim. And I'd like to know what source I should look at to read about that claim. Because I've never come across it yet. Absolutely, Justice Breyer. I believe that it would raise significant concerns under the Necessary and Proper Clause to, as a rule, displace State statutes of limitations for no Federal purpose. And I think that's what the Federal purpose is. Here, the Federal purpose is to ensure a Federal forum for Federal claims. No, not this statute, but I mean, in the statute, suppose it just didn't have those last words about the 30 days. If it didn't have the last words, but it did have the deference to State law. No, no. What it has is just the one that Justice Kagan started with. It just says, while a Federal suit is pending and there is supplemental jurisdiction, State statute on the State claim is told until this case, Federal or the State supplemental case, is dismissed. So I admit that would be a closer case. No, not closer. I want to know if there's a constitutional question. But isn't it necessary to your argument to that it would be unconstitutional to do this? Is Federalism not a relevant concern in interpreting the statute, in determining whether interpretation A or interpretation B is the correct interpretation? It absolutely is. Assuming that we think the language of toll is ambiguous, either in and of itself or when you look at a 30-day provision and the deference to State law, then that ambiguity is solved by virtue of Federalism. Okay. Now, all I want to get at, which is a serious question, I haven't come across that claim anywhere. There are lots of things I haven't come across. Many constitutional arguments I haven't come across. So what I want to know is what should I read in order to see that your constitutional grave concern has also, in fact, we have a country with probably 4,000 law professors, and there must be a few that it appealed to. So what do you want me to read? So if we are in the land where we are assuming that toll is ambiguous, then I think we look to Bond. I think we look to Gregory. I think we look to numerous cases in which this Court has said where a term does not expressly set how it's entrenching on State law, one needs to read that narrowly, consistent with principles of Federalism, and that there needs to be a clear statement. I mean, this Court doesn't need to read that narrowly. Roberts. It's not a radical proposition to say it's a serious intrusion on the State when the State says this is a State claim, these are our courts, we don't want our claim brought in our court if it's more than three years or whatever. And for the Federal Government to come in and say, well, you may not like it, but you've got to do it, I think that's raises serious constitutional concerns. I do as well, and especially because there's no Federal law. No, I grant you that there's some people. I just wanted a reading list. Well, here, how about this? How about Ms. Alicant? I mean, maybe one thing that Justice Breyer should read is Jinks, where the Court already upheld Congress's authority to pass 1367d under the Necessary and Proper Clause, and in doing so, it relied on an earlier decision of this Court, which upheld a Federal provision that told State statutes of limitations by means of stop-clock suspension. So that would seem to sort of put the kibosh on this argument, wouldn't it? No, I mean, if you're referring to Jinks' reliance on Stuart v. Kahn, that was an area in which there was insurrection. If there is a Federal purpose that is met by this displacement. But if Jinks was talking about this very statute and relied on Kahn to make the point that Federal provisions that told State statutes of limitations are perfectly constitutional under the Necessary and Proper Clause, didn't it? What Jinks held is that it was appropriate as far as that case went. There was not a question in that case of whether this statute should be read to displace in every case as a rule State statutes of limitations with no Federal purpose. Kagan, but it upheld, but it cited and relied on a case where exactly this kind of suspension was at issue. And you can say, yes, that was in a different context, but Jinks was using it for this context. And I think context matters. In the case of insurrection, where the Federal Government is declaring war, there is a significant Federal interest in making sure that time in which the courts are closed would not be discounted from people who are in their place. Breyer, I don't have the reading list I need, but here I can draw on your experience if you don't have the reading list. My impression, which is not an informed one, is that a lot of these cases come up in the area of torts, and the State claim is probably maybe a tort claim or maybe an employment discrimination claim, and that the State statutes on those things or maybe the D.C. statutes and so forth are fairly short. The delimitation period is a year, maybe 90 days, maybe two years. Where they are long, it's usually property cases. And where you have a property case, probably unlikely there was a Federal claim involved. Now, that's a very vague impression, you see. But if it's normally a short limitations period, you could understand why Congress would want to say, suspend it. It won't hurt the defendants that much. They are short anyway. And give them 30 days, because if the person, as he said, his argument was, where he slept on his rights, you know, there are only four days left, because he's sleeping on his rights, we're not going to give him the whole rest of the limitations period, because there is none. We'll give him 30 days. And if, in fact, he has another few months under the State law, then forget it. Forget the whole business. He has the State law period. Okay. I can see that. But I have no empirical experience. You have some. So is it true that this arises mostly in a State law tort area or an employment discrimination area where the statutes are fairly short? Do you know? Is there any experience I can get on that? I have my own experience, but there's not considerable empirical data on supplemental claims. I think the best source for this is pages 20 and 21 of the State's brief, which talk about a variety of circumstances in which, if Petitioner's reading were correct, the litigant would have between 2 years and nearly 6 years after the Federal decision was solved. In what kind of a case? So those included employment cases, tort cases, Fourth Amendment 1983 cases. Breyer, 2 to 6 years is probably. And so 2 to 6 years after the Federal court suit was dismissed, not 2 to 6 years after the claim was proved. That's because they have that much time left on the statute. And I would submit that that's inconsistent with purposes of statutes of limitations. To be short, to encourage litigants to exercise their right to bring Federal claims in a Federal forum, Congress may say, yes, States, you cannot treat these claims as time barred for a finite period of time. But I think to then say, you have nearly 6 years after your Federal claim is dismissed to wait for memories to fade, witnesses to move, documents to no longer be easily accessible, to then come in and bring that claim, especially when it's against a State defendant in a State court, and to say that's the case. Ginsburg. And to say to give the – bring that claim, I mean, the purposes of statute of limitation is, one, to give the defendant notice. Defendant has notice from the Federal complaint that has both Federal and State claims. And the other is to prevent plaintiffs from sleeping on their rights. Plaintiff has moved promptly. It is a complaint that has two classes of claims, State and Federal. So the plaintiff, this is not – the litigant has acted timely. Yes, Justice Ginsburg, but I don't understand why acting diligently on the front end gives the plaintiff the ability to be dilatory by a period of 2, 3, 4, 5, 6 years on the back end. Because there, yes, there is notice of the claim at the time of Federal filing, but once the Federal suit has resolved, a period of time has gone by, we would submit 30 days, then the defendant thinks she's not going to refile her State suit. But then she could surprise the defendant by saying 2 years, 3 years, 4 years. And I think this is especially significant in employment cases where you're looking at back pay awards that run from the time of the adverse employment action. There's a chance for gamesmanship by the plaintiff, which would not happen if we were looking at this as a 30-day period from while the claim is pending and after its dismissal. But I do want to get back to just the structure of the statute as a whole, because I think that the provision of this 30-day period, because it is a rarity within the U.S. Code, suggests Congress was doing something other than stop-clock tolling, and I think combined with this self-conscious legislation that defers to State tolling periods, of which this Court was aware, of which Congress was aware when they were enacting this statute. And so 1367d is a precise fit to the problem created by 1367c, and that comes from the fact that a case dismissed without prejudice is treated as if it had never been brought. That means the statute of limitations has been ticking by the whole time, and to save that litigant from being ousted out of a State forum by virtue of that State statute of limitations, Congress said, no, we will toll your claim so it will not expire during the Federal litigation, and you will have a 30-day window in which to refile. If there are no further questions, thank you. Roberts Thank you, counsel. Eleven minutes, Mr. Unikowski. Unikowski Thank you, Mr. Chief Justice. I would like to make just two rebuttal points, one about the plain text of this statute and one about the Federalism considerations raised by Respondent. So first of all on the text, picking up on a question by Justice Breyer, it really is never the case that the phrase period of limitations is tolled ever means that the bar associated with the expiration of the period of limitations is temporarily rendered unenforceable while the clock continues to run, which is the interpretation given by Respondent. Respondent offers the example of the phrase that the petition for rehearing tolls the time to file a petition for certiorari, but in that context, you wouldn't say that the period of limitations, the 90-day period, is tolled during the entire 90-day delay between the dismissal of the petition for rehearing and the cert petition. Maybe you would say that the start of the 90-day clock is delayed until the petition for rehearing is denied, but that's not Respondent's position. Respondent's position is that the tolling period consists of the pendency of the petition for rehearing and the entire 90-day period. And the word toll is never used that way, not in a case, not in a statute. I have not found a single reference to the word being used in that context. Even that Virginia statute, which we actually cite in our reply brief at page 14, note 3, even that Virginia statute, which we acknowledge, also doesn't use the word to define the period of tolling to include the grace period, which is what Respondent does. So the word tolling literally never means what Respondent claims it means. And, in fact, I actually think that the 46 U.S.C. 53-911 statute, which Justice Kagan mentioned, is very good for us. It's almost like a Rosetta Stone for us, because the title of that statute is tolling of limitations period, and then the statute explains what it means. It says that the running of the clock is suspended while this administrative claim is pending and for 60 days. And so I think that just underscores that tolling of a period of limitations means one thing. It means that the clock stops. So the second point I'd like to mention is this argument about Federalism. And we're certainly mindful about the Federalism concerns. We're not trying to undermine them. But, first of all, constitutional avoidance is not a reason to rewrite a statute. I think that the way to adjudicate the constitutional concerns is to allow the constitutional argument to be errored and decide whether the statute is unconstitutional rather than rewriting the statute to mean something it plainly does not mean. Mr. Nikosky, let's say I'm with you on constitutional avoidance and using it to rewrite things, but what about the presumption against preemption? Separate doctrine, similar point of view? Well, a few things about that, Your Honor. First of all, again, I don't think that the presumption against preemption is a tool to rewrite statutes. It's merely a presumption that could be overcome by the text of a statute. Second of all, I don't think that the Court has typically applied the presumption against preemption against statutes that so plainly are intended to apply a Federal rule. So here's a statute that just says that the Federal tolling period is X, and that's plainly intended to supply a Federal standard. And so the question is whether this Federal tolling rule is — excuse me, the Federal tolling period is longer or shorter. On its face, that question has nothing to do with State law, and so the Court has not applied the presumption against preemption in that context. We cite the Puerto Rico v. Franklin case from last year where there was clearly a Federal rule and the Court said that there's no presumption against preemption in just interpreting a plainly Federal standard. You just look at the text of the statute. And so I think that that Court should just do the same thing here. The other thing is I think that this statute doesn't really infringe on State sovereignty sufficiently to apply the sort of extreme presumption that in our view would essentially rewrite the text. We think the statute is readily understood as regulating litigation in Federal court. All it's saying is that when you have a claim that can be filed in Federal court, that has been filed in Federal court, that the period of limitation is told while that claim is pending in Federal court. Again, I think that's readily understood as regulating Federal court litigation. It's not reaching out into State law to a significant to a sufficient extent to justify effectively rewriting the statute. So in our view, but anyway, any presumption against preemption could not be overcome in this case, given that we think the text is just so clear. And in terms of those State statutes that Respondent cites, so first of all, those are just general State statutes that apply to what happens when a claim is dismissed without prejudice. So most of the time, those statutes will apply as written. They will only be displaced in the particular scenario where you have a claim that's brought in Federal court. And I think Congress could conclude that it has a special relationship with litigants who bring suit in Federal court. It wants to protect those litigants by ensuring that while the claim is pending in Federal court before a Federal judge, the clock won't be running down. I think that Congress can regulate the Federal courts in that manner. I agree that there are some Federalism implications here. That's why I acknowledged in response to Justice Alito that you can't make these periods of limitations forever. But if it's not this case, how far would it have to go before we'd actually have a problem, either under presumption against preemption or straight-up constitutional issue? Well, I gave the example of eliminating statute's limitations altogether. Maybe making them 100 years or something might also pose a similar constitutional  But I think that the relevant line is that the statute's limitations are not 100 years is too little. I mean, our case, right? So where do we draw the constitutional? Where would you have us draw that constitutional line? So I can't, standing here right now, say that this is the constitutional limit, but what I can say is this. This is a statute that takes a traditional, ubiquitous common law approach off the shelf. So I think that there should be a safe harbor from a constitutionality perspective for a tolling rule that has been used throughout history. It was used dating back to the Civil War. It's when Congress just takes a traditional tolling rule off the shelf in that manner and doesn't reach out to enact some extreme, unusual legislation that overturns State law in this unexpected way. I think that that should be a safe harbor for Congress. And so I can't say, standing here right now, that there's a 10-year clause or a 20-year clause in the Constitution that creates the line, but I just don't think that this statute should be interpreted as approaching those limits when it's just such a traditional approach to tolling. If there are no further questions, we'd ask the Court to reverse. Roberts. Thank you, counsel. The case is submitted.